IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE A. GUILFOIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-493-GMS |
| | ) | |
| THOMAS CARROLL, DAVID | ) | |
| PIERCE, JAMES SCARBOROUGH, | ) | |
| and KARL HAZZARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff Dale A. Guilfoil ("Guilfoil"), an inmate at the Central Violation of Probation Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.   STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II.   ANALYSIS

Guilfoil alleges that the defendants are deliberately indifferent to his serious medical needs. More particularly, he alleges that the defendants will not provide him with a bottom bunk despite his medical conditions of lumbar disc disease and radiculopathy, and also that the defendants ignored physician orders that he be given a bottom bunk. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

In his pursuit of medical care, Guilfoil names as a defendant Warden Thomas Carroll. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a

federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); see *Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978).

The complaint contains no allegations against Warden Carroll. He is listed only in the caption of the complaint and in "Section III. Defendants." Because the complaint does not allege any personal involvement on behalf of Warden Carroll to deprive Guilfoil of a constitutional right, the claims against him are dismissed for failure to state a claim upon which relief may be granted.

### III.  CONCLUSION

Based upon the foregoing analysis, the claims against defendant Warden Thomas Carroll are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Guilfoil is allowed to proceed against the remaining defendants on his claim for deliberate indifference to a serious medical need. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

November 16, 2006
Wilmington, Delaware

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-493-GMS |
| | ) |
| THOMAS CARROLL, DAVID | ) |
| PIERCE, JAMES SCARBOROUGH, | ) |
| and KARL HAZZARD, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of November, 2006, for the reasons set forth in the Memorandum issued this date,

1. The claims against defendant Warden Thomas Carroll are DISMISSED without prejudice for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified cognizable Eighth Amendment claims within the meaning of 28 U.S.C. § 1915A(b) against defendants David Pierce, James Scarborough, and Karl Hazzard. Guilfoil is allowed to PROCEED against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants David Pierce, James Scarborough, and Karl Hazzard** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801,

pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **Additionally, the plaintiff has provided the court with one copy of the complaint (D.I. 2) for service upon each of the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

   3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

   4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

   5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities

and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE



FILED

NOV 1 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE