IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE A. GUILFOIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-493-GMS |
| | ) | |
| DAVID PIERCE, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KARL HAZZARD'S RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Karl Hazzard, responds to Plaintiff's Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendants' Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. Identify all documents which you intend to offer into evidence at trial in the defendants' defense.

**RESPONSE:** Objection. This Interrogatory is premature and will be supplemented as required by the Federal Rules of Civil Procedure. Without waiving this objection, Defendants may use at trial Plaintiff's medical records.

2. Identify all persons whom you intend to call as witnesses at trial excluding expert witnesses.

**RESPONSE**: David Pierce, James Scarborough and Karl Hazzard.

3. Identify each expert you expect to call to testify as witnesses at trial and state for each such expert; (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify (iii) the substance of the facts and opinions to which the experts expected to testify and (iv) the summary of the grounds for such opinion.

**RESPONSE:** Defendants have not yet retained any experts but reserve the right to do so and will supplement this response as required by the Federal Rules of Civil Procedure.

4. Has any one of the defendants or anyone acting on their behalf, obtained from any person any statement, declaration, petition, or affidavit concerning this action or its subject matter? Is so, state:

   a. The name and last known address of each such person: and

   b. When, where, by whom and to whom each statement was made and whether it was reduced to writing or otherwise recorded.

**RESPONSE:** Objection. This Interrogatory seeks production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, there are none.

5. Have any of the defendants or anyone acting on their behalf, given or made any statement, declaration, petition or affidavit concerning this action or its subject matter? If so state:

   a. The name and last known address of each such person: and

   b. When, where, by whom and to whom each statement was made and whether it was reduced to writing or otherwise recorded.

**RESPONSE:** Objection. This Interrogatory seeks production of information protected

from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, there are none.

6. Identify all physicians you intend to call at trial to give testimony.

**RESPONSE:** Defendants have not yet retained any experts but reserve the right to do so and will supplement this response as required by the Federal Rules of Civil Procedure. In addition, Defendants may call as witnesses Plaintiff's treating physicians indicated in his medical records.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Date: August 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, I electronically filed *Defendant Karl Hazzard's Response to Plaintiff's Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on August 30, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Dale A. Guilfoil, Inmate
SBI#166308
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

/s/ Eileen Kelly
Eileen Kelly, ID#2884
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 06-493-GMS |
| DAVID PIERCE, et al., | ) JURY TRIAL REQUESTED |
| Defendants. | ) ) |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

_Karl D. Hazzard_
Karl Hazzard