## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE A. GUILFOIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-493-GMS |
| | ) | |
| DAVID PIERCE, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

David Pierce, James Scarborough and Karl Hazzard ("Defendants") hereby respond to Plaintiff's Request for Production of Documents ("Request for Production"):

**GENERAL OBJECTIONS**

1. Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Request for Production to the extent that it purports to seek information or documents not in their possession, custody or control.

5.      Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6.      Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.      Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1.      Any and all responses from the Department of Correction personnel to plaintiff regarding, relating or arising out of the incidents alleged in plaintiff's complaint including, but not limited to all correspondence to grievances, letters or complaints which were filed by plaintiff.

**RESPONSE:** The only grievances filed by the Plaintiff regarding his allegations of securing a bottom back are attached to his Complaint. (Exh. B-1, B-2, & D). The Memo from David Pierce which was also attached to the Complaint (Exh. E-2) is the only correspondence from Defendants to the Plaintiff.

2. All correspondence relating to regarding or arising out of the incidents alleged in plaintiff's complaint including but not limited to any correspondence between Department of Correctional personnel and inmates or other witnesses.

**RESPONSE:** See Response to Request No. 1.

3. Any statements, declarations, petitions or affidavits relating to, regarding or arising out of the incidents alleged in plaintiff's complaint and any statements, declarations, or affidavits of Department of Correctional personnel, other inmates, or witnesses to the allegations in the plaintiff's complaint.

**RESPONSE:** Objection. This Request seeks production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, there are none.

4. Any and all correspondence between Department of Correctional personnel and any sub-contractor regarding, relating to or arising out of the allegation in plaintiff's complaint.

**RESPONSE:** See Exhibits E-2 and-F from Plaintiff's Complaint.

5. Copies of all rules regulations, or policies regarding which inmates are permitted to be assigned "medical bottom bunk" in Delaware Correctional Center and who approves such moves or assignments.

**RESPONSE:** There is no written policy regarding the assigning of bottom bunks for medical purposes.

6. Medical training certificate and/or credentials of any and all the defendants named in plaintiff's complaint.

**RESPONSE:** The defendants do not have medical training certificates.

7. Any and all medical reports addressed to any defendant from any medical professional regarding the plaintiff's medical condition or their opinion concerning the allegation in plaintiff's complaint.

**RESPONSE:** To Defendants' knowledge, there are none.

8. Any and all documents referenced or identified in defendants responses to Interrogatories served contemporaneously herewith.

**RESPONSE:** See Defendants' Response to Plaintiff's Second Request for Production.

                        **STATE OF DELAWARE**
                        **DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us

Date: August 30, 2007          Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, I electronically filed *Defendants Response to Plaintiff's Request for Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on August 30, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Dale A. Guilfoil, Inmate
SBI#166308
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

/s/ Eileen Kelly
Eileen Kelly, ID#2884
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us