U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 SEP 28 PM 1:23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL | )
| Plaintiff | )  C.A. NO. 06-493-GMS
| v. | )  JURY TRIAL REQUESTED
| DAVID PIERCE, et al., | )
| Defendant | ) |

PLAINTIFF DALE GUILFOIL'S RESPONSE
TO DEFENDANT'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Dale Guilfoil, responds to Defendant's Interrogatories as follows:

GENERAL OBJECTIONS

1. Answering Plaintiff objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege or any other applicable privilege.

2. Answering Plaintiff objects to the Interrogatories to the extent that they seek the production of documents equally available to the Defendants or Defendants Counsel.

3. Answering Plaintiff objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or

unduly burdensome to reproduce.

### RESPONSES

Subject to, and without waiver of the foregoing General objections and those set forth in Answering Plaintiff's Responses, Answering Plaintiff responds, after a reasonable search, and subject to supplementation, as follows:

1. With respect to each and every claim in your complaint:

a. Identify all facts thats support contentions;

RESPONSE: All facts are supported by exhibits that were filed with Plaintiff Complaint.

b. Identify the specific behavior or conduct that you allege that each defendant engaged in:

RESPONSE: Plaintiff spoke to Defendant Karl Hazzard informing him of the problem Plaintiff was having and defendant was also fax a copy of the memos and no action was taken.

James Scarborough was faxed copies of the memos from the medical department and also Plaintiff wrote and and informed the Defendant of the problem and there was no action taken.

Defendant David Pierce was informed by writing and no action was taken.

c. Identify all persons with knowledge of such

2

Contentions or facts.

RESPONSE: All persons are named in plaintiff's complaint which the Defendants and their counsel have copies of.

    d. Identify all documents that reflect, refer to or relate to such contentions or facts.

RESPONSE: All documents were attached as exhibits to Plaintiff's complaint which are exhibits A thru F which contains, memos, Grievances, and letters.

    2. Identify all documents which support your contentions or which you intend to offer into evidence at the trail of this matter

RESPONSE: Plaintiff will refer to all documents attached to his complaint as exhibits A thru F which will be used at trail along with Plaintiff's medical file. Plaintiff also will Supplement as allowed by Federal Civil Procedure new medical reports from his new doctors.

    3. Identify all persons having Knowledge of the allegations in the Complaint.

RESPONSE: Objection, This Interrorgotory seeks production of information protected from Discovery by the Attorney-Client privilege, and will be supplemented as required by Federal Rules of Civil Procedure.

    4. Identify all persons whom you intend to call

3

as witnesses at trail, excluding expert witness.
RESPONSE: Objection. This Interrogatory seeks production of information protected from Discovery by the attorney-client privilege and will be supplemented as required by Federal Rules of Civil Procedure.

5. Identify any physical evidence which relates in any way to any of the facts alleged in the Complaint, or which you intend to offer in evidence at trail.
RESPONSE: Bunk Bed from Department of Corrections and Medical Records.

6. Identify each expert you expect to call to testify as a witness at trail and state for each such expert, (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to to which the expert is expected to testify and (iv) the summary of the grounds for such opinion.
RESPONSE: Plaintiff has not yet retained any experts but reserve the right to do so and will supplement this response as required by the federal Rules of Civil Procedure.

7. State the following about yourself.
    a. Full name, and any other names you have

4

gone by or used.

b. Social Security Number

c. Date of birth, and any other date of birth you may have used or given.

d. Place of birth

e. Highest level of formal education that you successfully completed.

RESPONSE: a. Dale Allen Guilfoil

b. 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

c. 10-10-62

d. Elkton Md.

e. 12th

8) Identify all of your criminal convictions in the past 15 years, including the court jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

RESPONSE: Objection This Interrogatory seeks information not related to the case. Also defendants counsel has access to the information requested.

9). Identify all employment you have had in the past 15 years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and

5

reason for termination.

RESPONSE: Objection, plaintiffs work record has nothing to do with this case. Plaintiff last worked for Warren Truss in Newark Del. in 1995 were he was hurt on the job.

10). Were you ever in the Armed forces? If so, state the dates, branch of service and rank at discharge

RESPONSE: Plaintiff was never in the Armed Forces.

11) Have you ever been a party to a lawsuit other then the present one? If so, for each lawsuit state the name of the case, the court in which it was filed and the docket number, and the outcome of the case.

RESPONSE: NONE

12). Identify all physicians you have been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment and the medical problem involved, if any.

RESPONSE: Dr. Stephen M. Boneck M.D. 87 B Omega Drive, Newark, DE, 19713, (302) 733-0980, 1995-2006 Lower back injury, medication, Therapy.

Dr. Ganesh R. Balu. M.D. 413 E Main Street, Ashley Plaza #10, Middletown, DE. 19709, 2006 - till present, lower back injury, medication and treatment. also prison

Doctors which defendants counsel has record of.

13). Identify and describe all accidents, injuries and illness you have had in the past 15 years.
RESPONSE: Plaintiff was hurt at work in 1995, recieved surgury.

14) Identify in detail the precise injury or harm you allege was sustained as a resualt of the allegation against Defendants in the Complaint.
RESPONSE: Plaintiff receeived Pain and suffering from climbing up and down on the floor, aggravating his injury and refusing to provide medical treatment.

15) Describe any medical treatment you received as a resualt of the allegations against Defendants in the Complaint.
RESPONSE: Pain medication, walking cane.

16). State:
    a. whether you requested any medical treatment at a Delaware Correctional facility which you believe in any way resualted from the allegations in your complaint; and
    b. the date and method used for any request listed in subparagraph a. of this interrogatory.
RESPONSE: Requested treatment at Delaware Correctional

7

Center and recieved new memo, pain medication, and walking cane.

17) State whether you filed a complaint or grievance at the correctional Institution or with the department of Correction about the subject matter of each and every claim in your complaint. If so, when were they filed, with whom were they filed, and what was the response? If not, why not?
RESPONSE: Plaintiff filed copies as exhibits with his complaint.

18) State the total amount of monetary damages you are claiming, and the computation used to arrive at the sum.
RESPONSE: damages of $1.00 or more, leaving it up to the jury to decide.

19) Either prior to or subsequent to the alleged incident(s) referred to in your complaint, have you ever suffered any injuries, illnesses, or diseases identical or similar to those alleged in the complaint? If so, state:

    a. A description of the injuries or diseases you suffered, including the date and place of occurrence:

8

b. The names and addresses of all hospitals, doctor, or practitioners who rendered treatment or examination because of any injuries or diseases.

RESPONSE: Refer to answers 13 and 16 of the Interrogatories.

20). Have you or anyone acting on your behalf obtained from any person any statement, declaration petition, or affidavit concerning this action or its subject matter? If so state:

    a. The name and last known address of each such person; and

    b. when, where, by whom and to whom each statement was made and whether it was reduced to writing or otherwise recorded.

RESPONSE: Not at this time

21). Have you, or anyone acting on your behalf given or made any statement, declaration, petition, or affidavit concerning this action or its subject matter? If so, state:

    a. The name and last known address of each such person; and

    b. When, where, by whom and to whom

each statement was made, and whether it was reduced to writing or otherwise recorded

RESPONSE: Not at this time.

date: September 28, 2007

_Dale Guilfoil_
Dale Guilfoil
778 Silver Run Rd
Middletown, DE 19709

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Plaintiff's Responses to State Defendants' Interrogatories are true and correct.

_____
Dale Guilfoil

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2007 I hand delivered a copy of the foregoing answer to the Defendant Interrogatorties to Eileen Kelly (I.D. 2884) Deputy Attorney General at 820 N. French Street, 6th Floor, Wilmington, DE. 19801.

Dale Guilfoil
Dale Guilfoil
778 Silver Run Rd
Middletown, De 19709

Date: September 28, 2007