IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE GUILFOIL, )
)
    Plaintiff, ) C.A. NO. 06-493-GMS
)
v. ) JURY TRIAL REQUESTED
)
DAVID PIERCE, et al, )
)
    Defendant. )

FILED
DEC 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BP scanned

PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

1. Plaintiff filed a prisoner civil rights action against defendants David Pierce, James Scarborough and Karl Hazzard of the Delaware Correctional Center for their neglect to address a medical issue.

2. Plaintiff attempted to resolve the problem by writting to James Scarborough and David Pierce.

3. Plaintiff also filed several Grievances in an attempt to resolve the problem in a filed attempt.

4. Plaintiff wrote letters and placed them in a box which is the only way for prisoner's to correspond with the Delaware Correctional employee's and if employee's do not responsed to the prisoner's the prisoner's do not have any prove of an attempt to correspond with them.

5. Defendants neglected to answer the plaintiff and therefore ignored the doctor's orders and by doing so caused the plaintiff to suffer mentally and pyshicalle pain.

6. Plaintiff follwed all rules in an attempt to resolve the problem by filing grievances and writing letters to the defendants which the defendants ignored.

7. Defendants refuse to acknolege or respond to the plaintiff letters and grievances which cause a deliberate indifferenea.

8. Defendants were notified that the plaintiff had doctor's order for a bottom bunk for medical reason by the medical staff and by the plaintiff but yet no action was taken to correct the problem or provide the plaintiff with proper medical care.

9. Plaintiff submitted several sickcall request asking for the doctor's orders to be forwarded to the defendants and plaintiff was informed by medical staff that a copy of the doctor's order were faxed to the defendants which is standard procedures.

10. Plaintiff filed grievances and wrote letters to the defendants as was suggested by the Grievence officer.

11. The defendants created a policy which affected

medical treatment of the inmates.

## MEMORANDUM OF LAW

The officials knew of the condition and did not respond to it in a reasonable manner. Farmer V. Brennon 511 U.S. 825.

The condition was so obvious that the offical must have purposefully ignored it to not know about it. Courts will also consider any complaints or grievances report that plaintiff or other prisoners have filed... Vance V. Peters, 97 F3d 987.

Prison officials cannot ignore a problem once it is brought to their attention, Spain V. Procunier, 600 F2d 189 (1979)

An inmate must rely on prison authorities to treat his medical needs, if the authorities fail to do so those needs will not be met, Estello V. Gamble 429 U.S. 97, 103 (1976).

Some Courts have held that a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious

that even a lay person would easily recognize the necessity for a doctor's attention. <u>Hill v. DeKalb Real Youth Det. Ctr.</u>, 40 F3d 1176, 1187 (11th Cir. 1994).

Its the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather then the severity of the prisoner underlying medical condition, considered in the abstract, that is relevant for Eigth Amendment purposes" <u>Chance v. Armstrong</u> 143 F. 3d 698.

Courts most often find deliberate indifference when: prison gaurds or other non-medical officials intentionally deny or delay your access to treatment or when these same non-medical officials interfere with the treatment that your doctor has ordered, <u>Estell v. Gamble</u> 429 U.S. 97 (1976) at 104-105, <u>Meloy v. Bachmeier</u> 302 F3d 845, 849 (8th Cir. 2002).

WHEREFORE, for the reasons stated herein, the Plaintiff respectfully request that this court grant summary judgment in his favor.

_Dale Guilfoil_
Dale Guilfoil

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2007 I mailed by way of United States Postal Service a copy of the Plaintiff's Memorandum of Points and Authorities in Support of His Motion for Summary Judgment to Catherine Damavandi, Deputy Attorney General at 820 N. French Street, 6th Floor, Wilmington, DE, 19801.

Dale Guilfoil
Dale Guilfoil
778 Silver Run Rd.
Middletown, DE 19709

