IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE GUILFOIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-493-GMS |
| | ) | |
| DAVID PIERCE, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERING BRIEF**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND**
**DEFENDANTS' REPLY BRIEF**
<u>**IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

<u>/s/ Catherine Damavandi</u>
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

January 30, 2008

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………...…………………………………………………….3

STATEMENT ON PRESENT PROCEEDINGS…………………………………………4

STATEMENT OF FACTS…………………...……………………………………………4

ARGUMENT…………………………………………...…………………………………4

I.     BY FAILING TO DEMONSTRATE ACTUAL INJURY, PLAINTIFF HAS FAILED TO ALLEGE A *PRIMA FACIE* CASE §1983 VIOLATION………………………………….5

II.    PURSUANT TO THE DOCTRINES OF QUALIFIED IMMUNITY AND SOVEREIGN IMMUNITY, DEFENDANTS ARE IMMUNE FROM LIABILITY………………………………………………………...…8

III.   DEFENDANTS CANNOT BE HELD LIABLE FOR PLAINTIFF'S CLAIMS BASED SOLELY ON THE THEORY OF *RESPONDEAT SUPERIOR*………………………………….9

CONCLUSION…………………………………………………………………………..10

# **TABLE OF AUTHORITIES**

CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)……………………………….....5

*Bennett v. Santana,* 1990 WL 610892 (N.D.Ind.Oct. 9, 1990)…………………………….7

*Brookins v. Williams*, 402 F.Supp.2d 508 (D. Del. 2005)………………………………...9

*Burley v. Upton*, 2007 WL 4226399 (C.A.11 Ga. Dec. 3, 2007)…………………………7

*Carter v. Exxon Company USA*, 177 F.3d 197 (3d Cir. 1999)……………………………5

*Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976)……………………………………...5,6

*Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174 (1996)……………………………….6

*McCray v. Williams*, 357 F.Supp.2d 774 (D.Del.2005)………………………………….6,7

*Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir.1987)…………7

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988)………………………….……9,10

*Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)……………………………………...….9

*Scott v. Harris*, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)……………………………....5

*West v. Keve*, 571 F.2d 158 (3d Cir.1978)……………………………………...….…5


STATUTES

Fed. R. Civ. P. 56……………………………………………………………………*passim*

42 U.S.C. §1983……………………………………………………………….………*passim*

**STATEMENT ON PRESENT PROCEEDINGS**

On October 31, 2007, Defendants moved for summary judgment in accordance with this Court's Scheduling Order (D.I.16, 26), and served its Opening Brief. D.I.49,50. On December 3, 2007, this Court ordered the Plaintiff to answer Defendants' Motion for Summary Judgment within 10 days. D.I.51.

In response, Plaintiff's filed his own Motion for Summary Judgment and Opening Brief, which was docketed by the Clerk's Office on January 3, 2008. D.I.52,53. Plaintiff had not requested leave to file a summary judgment motion after the deadline had passed on October 31, 2007.

This is the Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment; in the alternative, if Plaintiff's Opening Brief is viewed as an Answering Brief to D.I.50, this is the Defendants' Reply Brief in Support of Defendants' Motion for Summary Judgment.

**STATEMENT OF THE FACTS**

Defendants incorporate, as if fully set forth herein, the facts as stated in their Opening Brief in Support of their Motion for Summary Judgment (D.I.50). Defendants note, however, a typographical error on ¶4 of the D.I.50; "2007" was erroneously referenced instead of "2006."

**ARGUMENT**

In their Opening Brief, Defendants have proven that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [they are] entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c). Therefore, Defendants have met the standards of Rule 56(c) and summary judgment is appropriate. *See Carter v. Exxon Company USA*, 177 F.3d 197, 202 (3d Cir. 1999).

Given the allegations in Plaintiff's Opening Brief, the standard of review for summary judgment is worth repeating. To obtain summary judgment a moving party must demonstrate that he has met the standards of Rule 56(c). *Carter* at 202. "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). Rather, only disputes that affect the outcome of a lawsuit properly preclude the grant of summary judgment. *Id.* Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). Accordingly, this Court should grant judgment in favor of Defendants as a matter of law, as the record supports their motion for summary judgment.

I. **BY FAILING TO DEMONSTRATE ACTUAL INJURY, PLAINTIFF HAS NOT ALLEGED A *PRIMA FACIE* 42 U.S.C. §1983 VIOLATION.**

The parties are in agreement that the legal standard applicable in this case is established by *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To prevail in this lawsuit, Plaintiff must show that he (1) had a serious medical need; and (2) that the defendants were aware of his serious medical needs yet were deliberately indifferent to them. *Estelle* at 106; *West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978).

As the starting point for this claim, Plaintiff must show that he suffered an actual injury. "Actual injury is a prerequisite to any claim under §1983." *McCray v. Williams*, 357 F.Supp.2d 774, 780 (D.Del.2005)(citing *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179 (1996)). The requirement of actual injury "derives ultimately from the doctrine of standing." *Lewis at 349, 2179*. Plaintiff has failed to produce any evidence of injuries he received as a result of not having a bottom bunk from January 2006 to August 2006. At his deposition, Plaintiff testified as follows:

> Q: Did sleeping on the floor, on the mattress, did that make your back feel worse?
>
> A: Sleeping on the hard actually did, but I guess it wouldn't have been much difference between the metal or the floor.
>
> \* \* \* \*
>
> Q: Once you were at CVOP [Central Violation of Probation] in a bottom bunk, was your back feeling the way it had been before you got to W building?
>
> A: No. Actually, after about a week, week and a half, whatever, it started feeling, you know, it wasn't as bad.
>
> Q: So once you were at CVOP and back in a bottom bunk, it improved?
>
> A: Right.

*D.I.50, Exhibit A- Deposition of Dale Guilfoil, pages 50, 51*. The first prong of the *Estelle* test requires that Plaintiff establish that he had a serious medical need. Plaintiff's testimony demonstrates that his physical discomfort did not rise to the level contemplated

by the *Estelle* Court. A serious medical need is demonstrated "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss." *McCray* at 780, *citing Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987).

Other federal Courts have held that an inmate's request for a bottom bunk as a result of back pain does not constitute a serious medical need. In the 7th Circuit, the District Court in *Bennett v. Santana,* 1990 WL 610892, *2 (N.D.Ind.Oct. 9, 1990) held that refusal to provide inmate with a bottom bunk "does not allege acts of omissions sufficiently harmful to evidence deliberate indifference to [inmate's] serious medical needs." In *Burley v. Upton*, 2007 WL 4226399, *2 (C.A.11 Dec. 3, 2007), the 11th Circuit Court of Appeals held that denial of a bottom bunk to an inmate for lower back pain was not a deprivation of a federal right. "[L]ower back pain is not the type of serious condition this circuit requires." *Id.* The *Burley* court observed that the inmate's "temporary placement in a top bunk was the result of bureaucratic misunderstandings, not deliberate indifference. [The inmate] did not counter this evidence with anything from which we could infer that the cause of his being placed in a top bunk was anything but a mistake."

The *Burley* Court's recognition that misunderstandings may have occurred is a valuable insight that should be factored into this case. Here, Plaintiff did not have a doctor's note for a bottom bunk until on or after February 20, 2006—the date of the note written by Dr. Messick. D.I.2, Exhibit C. After that, Plaintiff's next grievance was filed on or about April 24, 2006. *Id*, Exhibit D. The response from the Department of Correction staff was issued on May 15, 2006, advising Plaintiff that he had to write to

7

either *Major Holman or Scarborough* for assignment to the bottom bunk. *Id*. Plaintiff was asked about this during his deposition:

> Q: And the response was on the back of Exhibit D that approval was issued by Major Holman or Scarborough?
>
> A: Yes. It said that medical can only request that you receive a bottom bunk and it has to be approved by the DOC staff.

*D.I.50, Exhibit A- Deposition of Dale Guilfoil, page 35*. Instead of writing to either Holman or Scarborough, Plaintiff wrote to Warden Pierce, in a letter dated May 20, 2006. *Id*, Exhibit E-1. This caused further delay for the Plaintiff, because Warden Pierce, unaware of the appropriate point person for assignment to bottom bunks, forwarded Plaintiff's memo to medical staff. *Id* at Exhibit E-2, F. However, Plaintiff had already been imputed with the knowledge of who to contact to receive a bottom bunk assignment, but he did not follow these instructions.

The situation is unfortunate; one can anticipate a positive outcome for Plaintiff had he written to Major Holman or Scarborough as directed. Nonetheless, without alleging a serious medical condition or deliberate indifference, Plaintiff has not demonstrated the minimum evidence necessary to move forward on a §1983 claim. Therefore, his complaint cannot withstand Defendants' motion for summary judgment.

II. **PURSUANT TO THE DOCTRINES OF QUALIFIED IMMUNITY AND SOVEREIGN IMMUNITY, DEFENDANTS ARE IMMUNE FROM LIABILITY.**

In their Opening Brief, Defendants established that they are immune from liability for the claims in Plaintiff's Complaint under the Doctrine of Qualified Immunity. Their conduct did not violate Plaintiff's clearly established rights. Plaintiff has not set forth

8

any facts or law to refute the immunity of these Defendants. Therefore, Defendants are protected from liability for Plaintiff's claims in their individual capacities and the Court should grant them judgment as a matter of law.

Likewise, Plaintiff fails to offer any argument in opposition to Defendants' contention that they are immune from liability in their official capacities based on the doctrine of sovereign immunity. As such, the Eleventh Amendment and the State of Delaware's sovereign immunity protect the Defendants from liability. Consequently, this Court lacks jurisdiction over the Defendants in their official capacities, so Plaintiff cannot maintain his claims against them in their official capacities.

### III. DEFENDANTS CANNOT BE HELD LIABLE FOR PLAINTIFF'S CLAIMS BASED SOLELY ON THE THEORY OF *RESPONDEAT SUPERIOR*.

Plaintiff's Opening Brief clearly demonstrates that his claims against Defendants are based solely on their supervisory responsibilities. In a §1983 action a supervisory official cannot be held liable solely on the theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, in order to establish supervisory responsibility, a plaintiff must show that the defendant was the moving force behind any alleged constitutional violation. *Sample v. Diecks*, 885 F.2d 1099, 1116-17 (3d Cir. 1989). The accused defendants must have *personal involvement* in the alleged wrongs. *Rode*, 845 F.2d at 1207 (emphasis added).

A plaintiff cannot allege wrongdoing against a defendant based on the inference that defendants may have heard about the incident or received complaints from the plaintiff. *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208). "Grievances are not enough to impute knowledge to [a] defendant."

9

*Id.* Yet the Plaintiff in this case attempts to do exactly that: impute liability upon Defendants through the filing of his grievances. This will not suffice; Plaintiff must prove that Defendants personally directed, had actual knowledge of, or acquiesced in the alleged deprivation of his constitutional rights. *Rode*, 845 F.2d at 1207. Plaintiff has offered no evidence to that effect. Therefore, Defendants played no affirmative role in the alleged deprivation of Plaintiff's rights and cannot be held liable for his claims.

## CONCLUSION

For the above reasons, Defendants respectfully request that summary judgment be granted judgment in their favor on all claims, pursuant to Rule 56.

Respectfully submitted,

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

January 30, 2008

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE GUILFOIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-493-GMS |
| | ) | |
| DAVID PIERCE, et al, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2008, I electronically filed *Defendants' Answering Brief In Opposition To Plaintiff's Motion For Summary Judgment/ Defendants' Reply Brief In Support Of Defendants' Motion For Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on January 30, 2008, I caused the within document to be mailed by United States Postal Service to the following non-registered party: Dale A. Guilfoil.

    /s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants