IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-493-GMS |
| | ) |
| JAMES SCARBOROUGH, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 17th day of May, 2013, having considered the plaintiff's motion for injunctive relief (D.I. 90) and request for counsel (D.I. 94);

IT IS ORDERED, as follows:

**I.  Introduction**

The plaintiff, Dale A. Guilfoil ("Guilfoil"), was a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware, when he filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On January 2, 2013, Guilfoil filed a motion for injunctive relief (D.I. 90) seeking access to the prison law library and legal assistance. Guilfoil was incarcerated at the time he filed the motion. On April 8, 2013, he advised the court of his release from incarceration. (D.I. 95.)

**II.  Injunctive Relief**

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v.*

*Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

The court was advised that Guilfoil is no longer incarcerated. Therefore, his motion seeking use of the correctional center's legal law library (D.I. 90) will be denied as moot.

### III. Request for Counsel

Guilfoil seeks counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, counsel would sever the best interest of justice, and his allegations, if proved, would establish a constitutional violation. (D.I. 94.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

At present, Guilfoil's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Accordingly, the court will deny the request for counsel. (D.I. 94.)

IT IS THEREFORE ORDERED, that:

1. The motion for injunctive relief (D.I. 90) is **denied** as moot.

2. The request for counsel (D.I. 94) is **denied** without prejudice to renew.

CHIEF, UNITED STATES DISTRICT JUDGE

3